IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-08-CR-0303-B(01) |
| | § | NO. 3-09-CV-1017-B |
| LUIS LOPEZ-SALAZAR | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Luis Lopez-Salazar, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of unlawful re-entry after deportation in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Punishment was assessed at 30 months confinement and a $100 mandatory special assessment. Although counsel filed a notice of appeal, the appeal was dismissed at the request of defendant so he could seek post-conviction relief. *United States v. Lopez-Salazar*, No. 09-10308 (5th Cir. Jun. 8, 2009). This motion followed.

II.

In his sole ground for relief, defendant contends that his attorney was ineffective for not objecting to a 16-level sentence enhancement based on a 1993 drug trafficking conviction. As authority for this argument, defendant relies on U.S.S.G. § 4A1.2(e), which applies to the computation of criminal history. Under this guideline:

> Any prior sentence of imprisonment exceeding one year and one
> month that was imposed within fifteen years of the defendant's

> commencement of the instant offense is counted.  Also count any
> prior sentence of imprisonment exceeding one year and one month,
> whenever imposed, that resulted in the defendant being incarcerated
> during any part of such fifteen-year period.

* * * *

> Any prior sentence not within the time periods specified above is not
> counted.

U.S.S.G. § 4A1.2(e)(1) & (3).  However, the court did not consider defendant's prior drug trafficking

conviction in computing his criminal history score.  (*See* PSR at 6, ¶ 31).  Rather, the conviction was

used to determine the offense level under U.S.S.G. § 2L1.2, which provides for a 16-level increase

in the base offense level:

> If the defendant previously was deported, or unlawfully remained in
> the United States, after--
>
> a conviction for a felony that is [ ] a drug trafficking offense for
> which the sentence imposed exceeded 13 months[.]"

*Id.* § 2L1.2(b)(1)(A)(i).  Because defendant was deported from the United States after his drug

trafficking conviction, for which he received a 24-month prison sentence, the base offense level for

the underlying offense was increased by 16 levels.  (*See* PSR at 5, ¶ 24).  The court was neither

required nor permitted to exclude defendant's prior conviction in determining his offense level, and

counsel was not ineffective for failing to object on that ground.  *See Clark v. Collins*, 19 F.3d 959,

966 (5th Cir.), *cert. denied*, 115 S.Ct. 432 (1994) (counsel not required to make frivolous

objections).

## **RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that

defendant is not entitled to post-conviction relief.  Accordingly, defendant's motion to correct,

vacate, or set aside his sentence should be summarily denied. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   June 23, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE